**MOUNTAIN VIEW/EVERGREEN IMPROVEMENT AND SERVICE DISTRICT, an Improvement and Service District formed under the laws of the State of Wyoming, Appellant (Plaintiff),**

v.

**CASPER CONCRETE COMPANY, a Wyoming Corporation, Appellee (Defendant).**

No. 95–143.

Supreme Court of Wyoming.

March 11, 1996.

Phillip T. Willoughby, Casper, for appellant.

Richard R. Wilking, Casper, Earl J. Hanson, Billings, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

Appellant, Mountain View/Evergreen Improvement and Service District (Mountain View), appeals the trial court's order which entered a judgment for Casper Concrete Company (Casper Concrete) in an action against Casper Concrete for negligence and breach of contract.

We affirm.

The issue in this case is:

Did the district court err in granting defendant's motion for directed verdict at the conclusion of the plaintiff's case?

## FACTS

Mountain View was formed to provide financing for sidewalks, curb gutters, street improvements and paving for two subdivisions in unincorporated Natrona County, Wyoming. Mountain View hired Civil Engineering Professionals, Inc. (CEPI) as the project engineer. CEPI developed the contract documents for the construction project and awarded the contract to Casper Concrete in July, 1990.

Casper Concrete substantially completed the project in December of 1990; however, because of problems with subsidence on the newly paved streets, final completion and payment did not take place until January, 1992. Six areas of subsidence were found in the spring of 1991. Casper Concrete fixed the first six areas of subsidence pursuant to a change order issued by Mountain View through CEPI. CEPI engineers did not believe the subsidence problems could be attributed to Casper Concrete's work; therefore, Casper Concrete was paid to fix the subsidence areas found in 1991. New areas of subsidence were found after 1991 which also required repair. However, neither CEPI nor Mountain View ever presented Casper Concrete with a claim for defective work pursuant to the contract.

On April 1, 1993, Mountain View filed a lawsuit against Brooks Water and Sewer District (the entity which placed sewer lines below the streets before the streets were paved), CEPI, and Casper Concrete seeking

payment for damages for the cost of repairs to the subsidence areas. Claims against Brooks Water and Sewer District were dismissed after reaching this Court in *Mountain View/Evergreen Improvement and Service District v. Brooks Water and Sewer District*, 896 P.2d 1355 (Wyo.1995) (reversed in part, affirmed in part, and remanded). CEPI was dismissed with prejudice after CEPI and Mountain View reached a settlement agreement. Mountain View claimed Casper Concrete breached the contract and negligently performed its work, causing the subsidence problems in the project.

■ After Mountain View presented its evidence to the district court during the bench trial, Casper Concrete moved for a non-suit or, in the alternative, a directed verdict.[1] Casper Concrete based its motion on defenses provided by two provisions of the contract. In one provision Mountain View and Casper Concrete waived all claims of both parties once final payment was made. The other provision granted Mountain View a one-year warranty period for claims against Casper Concrete for defective work. In its order granting Casper Concrete's motion, the trial court declared the waiver provision was enforceable and found that Mountain View failed to submit any claims under the one-year warranty clause before it expired.[2] Mountain View appeals from that order and judgment.

### STANDARD OF REVIEW

■ Our standard of review for an order granting a motion for judgment as a matter of law at the end of plaintiff's case in chief pursuant to WYO.R.CIV.P. 52(c)[3] requires this court to take the plaintiff's evidence as true and afford it all favorable and reasonable inferences. *True Oil Co. v. Sinclair Oil Corp.*, 771 P.2d 781, 795 (Wyo.1989); *Kaiser v. Farnsworth Drilling Co., Inc.*, 851 P.2d 1292, 1295 (Wyo.1993). "A motion for judgment at the close of the plaintiff's case is in the nature of a demurrer to the evidence, and admits its truth." *True Oil*, 771 P.2d at 795 (quoting *Hawkey v. Williams*, 72 Wyo. 20, 23, 261 P.2d 48, 55 (1953)).

WYO.R.CIV.P. 52(c) states, in pertinent part:

> If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim ... that cannot under the controlling law be maintained....

The trial court determined the waiver provision and the one-year warranty provision in the contract between Mountain View and Casper Concrete established a defense to Mountain View's claims as a matter of law.

### DISCUSSION

■ The applicable sections of the contract between Mountain View and Casper Concrete provide:

> 13.12. If within one year after the date of final acceptance ... any Work is found to be *defective*, CONTRACTOR [Casper Concrete] shall promptly, without cost to

---

1. We note for our Wyoming practitioners that the proper motion in a trial without a jury after the plaintiff has completed the presentation of evidence is a motion for a judgment as a matter of law, pursuant to WYO.R.CIV.P. 52(c). *See* WYO. R.CIV.P. 52(c), 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2371 (2d ed. 1994). The Wyoming Rules of Civil Procedure no longer use the term "non-suit," and the term "directed verdict" has been replaced with the term "judgment as a matter of law." WYO. R.CIV.P. 50. Further, WYO.R.CIV.P. 50 only applies in jury cases, not in cases tried before the court. *See* WYO.R.CIV.P. 50, 9A WRIGHT & MILLER, *supra* § 2523.

2. The district court ruled from the bench on Casper Concrete's motion:

> It appears to me that the position of the defendant is correct; that there is an enforceable waiver provision in the contract; that there was consideration given by both sides for that provision; and that the claims submitted here have been waived to the extent that there might still be time for claims under the one-year guarantee clause; that the claims were not submitted under that clause either. So I'll grant the motion, then.

3. Wyoming Rule of Civil Procedure 41(b)(1), which is the rule actually cited in *True Oil*, has been amended since the case was decided in 1989. The applicable portion of Rule 41 was transferred to Rule 52(c) in 1993. *See* WYO. R.CIV.P. 41, 52(c) and 9 WRIGHT & MILLER, *supra*, § 2371.

OWNER [Mountain View] and in accordance with OWNER's written instructions, either correct such *defective* Work, or, if it has been rejected by OWNER, remove it from the site and replace it with *nondefective* Work.

The original contract was amended to provide the following:

**Waiver of Claims:**

14.16. The making and acceptance of final payment will constitute:

14.16.1 A waiver of claims by Owner against Contractor, concerning claims arising from unsettled liens, from defective work, from failure to comply with the Contract Documents or the terms of any special guarantees specified therein of any rights with respect to Contractor's continuing obligations under the Contract Documents; and

14.16.2 The nature and acceptance of direct payment will constitute a waiver of all claims by Contractor against Owner.

The contract defines "defective" as:

An adjective which when modifying the word Work refers to Work that is unsatisfactory, faulty or deficient, or does not conform to the Contract Documents, or does not meet the requirements of any inspection, reference standard, test or approval referred to in the Contract Documents, or has been damaged prior to ENGINEER's recommendation of final payment (unless responsibility for the protection thereof has been assumed by OWNER at Substantial Completion in accordance with paragraph 14.8 or 14.10).

As the trial court noted in its ruling, the contract's one-year warranty period lapsed before Mountain View made any claims against Casper Concrete. Mountain View made its final payment to Casper Concrete in January, 1992. Therefore, the one-year warranty lapsed in January, 1993. Mountain View did not file this lawsuit against Casper Concrete until April, 1993. In fact, no claims were submitted to Casper Concrete under the warranty provision in the contract. Members of the Mountain View board of directors knew that the contract contained a one-year warranty period. However, Mountain View allowed the warranty period to lapse, and with it, any claims it may have had against Casper Concrete.

Mountain View maintains the provisions concerning the waiver of claims after final payment and the one-year warranty have an ambiguous double meaning. A contract is ambiguous if it is obscure in its meaning because of indefiniteness of expression or because it contains a double meaning. *Prudential Preferred Properties v. Underwood Ranch Co.,* 873 P.2d 598, 600 (Wyo. 1994). Section 14.16.1 waives claims for defective work upon final acceptance and payment, but the one-year warranty also covers defective work. Mountain View argues that it could not waive its claims for defective work at the time of final payment *and* have a one-year warranty for defective work. "The question of whether a contract is ambiguous is a question of law, which may be independently determined by this court." *Id.* The warranty and waiver provisions may be ambiguous in this contract; however, we need not reach this issue because the lapse of the one-year warranty is dispositive in this case.

We will note, however, that even if we held the contract was ambiguous, our analysis of the contract does not stop there. Mountain View argues that because the waiver provision and the one-year warranty provision create an ambiguity in the contract, Mountain View did not waive its claims upon final payment. However, Mountain View's agent, CEPI, drafted the contract. Ambiguous contracts are construed against the drafter. *Id.* Therefore, we must construe the ambiguous terms in the contract against Mountain View. Mountain View's position would allow it to unfairly benefit from the ambiguous terms in a contract drafted by its own agent.

Once Mountain View made its final payment to Casper Concrete, the waiver provision dictates that Mountain View waived its claims against Casper Concrete for "defective work from failure to comply with the Contract Documents." Therefore, Mountain View's breach of contract claim for failure to comply with the contract documents was

waived according to the terms of the contract. Since waiver is an affirmative defense to a breach of contract claim, the trial court appropriately dismissed Mountain View's claim against Casper Concrete under the waiver provision of the contract as well.

## CONCLUSION

The trial court appropriately dismissed Mountain View's claims against Casper Concrete. When Mountain View made the final payment to Casper Concrete, Mountain View waived its right to file any claims for defective work against Casper Concrete. Even if the waiver provision did not apply in favor of Casper Concrete, Mountain View did not make any warranty claims or file its lawsuit until after the one-year warranty period expired.