**Janet K. HARKINS, Appellant (Defendant),**

v.

**Vernon D. HARKINS, Appellee (Plaintiff).**

**No. 95–248.**

Supreme Court of Wyoming.

May 23, 1996.

James K. Lubing, Jackson, for appellant.

W. Keith Goody of Goody & Brodie Law Office, Jackson, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

We review a district court's order granting a divorce and distributing the marital assets of Janet K. Harkins (wife) and Vernon D. Harkins (husband). Wife contends the district court abused its discretion in awarding wife a disproportionately small percentage of the parties' marital assets.

We affirm.

■ Wife raises this issue:

I. Did the trial court abuse its discretion, by committing an error of law, when it awarded the appellant approximately forty-six thousand Dollars ($46,000.00) from a marital estate with an approximate value of five hundred thousand Dollars ($500,-000.00) by requiring appellant to quitclaim her interest in two parcels of real estate, which appellee had conveyed, by execution and delivery of valid deeds, to appellant and himself as tenants by the entireties during their marriage?

Husband restates the issue:

I. Did the trial court abuse its discretion when it divided the marital property?

The appellee does not agree that the marital estate has "an approximate value of five hundred thousand dollars ($500,-000.00)." The value of the marital estate is, rather, $61,076.00.

The parties were married on November 23, 1986. No children were born to the mar-

riage. It was husband's second marriage and he was 59 years old at the time of the divorce. He was retired and received a net monthly pension benefit of just over $2,300.00. That pension is increased occasionally by cost-of-living adjustments. Husband was not in good health. The parties owned a lot on a golf course and a partially completed residence which we will refer to as the Cache Creek property. Husband owned both properties prior to the marriage, but improvements were made to the Cache Creek property during the marriage. The parties had other assets including cars, savings and checking accounts, and other personal property. Wife was approximately 41 years old at the time of the divorce and this was her third marriage. Although she was employed outside the home at times during the marriage, she essentially managed the marital residence and moved with her husband in his profession, including the move to Jackson upon husband's retirement. Wife assisted husband in accomplishing many of the improvements to the Cache Creek property and a part of the money used to pay for materials, etc., came from the sale of the home they lived in prior to moving to Jackson. Although the exact figures are hotly disputed, for purposes of argument we accept wife's suggestion that the combined assets of the parties at the time of the divorce were worth approximately $500,000.00 and wife received cash and other property worth approximately $46,000.00. The order of the district court granting the divorce and distributing the marital estate was entered on June 9, 1995.

Wife's principal contention is that the district court failed to take into account the burden placed on the property for the benefit of both parties, i.e., the fact that husband had deeded the property to the two of them as husband and wife. In making this contention, wife relies on *Paul v. Paul,* 616 P.2d 707, 712 (Wyo.1980), where we said: "Joint ownership of property resulting from a demonstrated intent to share is a 'burden imposed upon the property for the benefit' of both owners; the statute directs consideration of this burden as one factor." That is one of twelve factors outlined in *Paul* which are to be considered by a trial court in distributing the marital estate at the time of divorce. All of the other eleven factors set out in *Paul* also apply to the distribution at issue here. We do not perceive that the district court failed to take into account any of the twelve factors, including the burden placed on the parties' real property as a result of husband having deeded the property to both of them as husband and wife.

Wife argues that the decision we made in *Schulz v. Miller,* 837 P.2d 71 (Wyo.1992), is "similar" to this case. Succinctly, in that case we affirmed a trial court's ruling not to admit parol evidence to negate a deed transferring real property from one unmarried person to another unmarried person. Suffice it to say, there is no similarity and that case simply does not have any application to the distribution of this marital estate. As a part of this argument, wife also appears to contend that *Rose v. Rose,* 849 P.2d 1321 (Wyo. 1993), will assist this Court in resolving the issue at hand. In *Rose* we held that a gift from father to son of a certificate of deposit was not complete. Again, this case has absolutely no application to the distribution of this marital estate. Like *Schulz, Rose* resolved an issue of gifts outside of marriage. This case does not present the issue of whether a gift was made to wife. The issue presented in granting this divorce was equitable distribution of the marital estate as directed by statute.

In *France v. France,* 902 P.2d 701, 703–04 (Wyo.1995), we repeated our longstanding rule that the division of marital property is within the sound discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of that discretion, as well as our oft-repeated observation that "a just and equitable division is as likely as not to be unequal." Those rules govern in this case as well. The district court weighed all the factors required to be weighed in deciding how best to distribute the marital estate. The decree of divorce reads:

In making distribution of the debts and assets of the parties this Court has taken into consideration a number of factors including the ages of the parties, the length of the marriage and its separation, the

assets and liabilities brought into the marriage including [husband's] retirement, the entire financial impact on both parties, the abilities of the parties to earn a living, and the health of the parties.

Appellant has failed to demonstrate anything remotely resembling an abuse of discretion. The order of the district court distributing the marital estate is affirmed in all respects.