Keith B. BROCKWAY, Appellant (Defendant),

v.

Mary M. BROCKWAY, Appellee (Plaintiff).

No. 96–11.

Supreme Court of Wyoming.

Aug. 20, 1996.

S. Gregory Thomas of Patton & Davison, Cheyenne, for appellant.

Mary M. Brockway, appellee pro se.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR* and LEHMAN, JJ.

GOLDEN, Justice.

Keith B. Brockway (husband) appeals the district court's order on husband's declarato-ry judgment action to determine the meaning of the divorce decree provision "[wife] shall receive one-half (½) of [husband's] Air Force retirement." The district court ruled the phrase was not ambiguous and meant that Mary M. Brockway (wife) was entitled to one-half of husband's full retirement, includ-ing that portion attributable to his post-di-vorce Air Force service and that portion attributable to his Air Force service before the marriage. We affirm.

## ISSUES

Appellant Keith B. Brockway states the issues as follows:

A. Whether the language in the par-ties' property settlement agreement con-cerning the division of defendant's retire-ment, and the decree of divorce which incorporated said language, are ambiguous so as to permit the district court to consid-er extrinsic evidence and construe the meaning of the language.

B. If the language is ambiguous, what is the proper construction of the language.

C. Whether the district court had the authority to award plaintiff retirement which had not been earned by the defen-dant as of the date of the decree of di-vorce.

Appellee Mary M. Brockway states the issues in her pro se brief as follows:

A. Whether the language in the par-ties' property settlement agreement con-cerning the division of defendant's re-tirement and the divorce decree which incorporated the language, are ambigu-ous so as to permit the consideration of extrinsic evidence and construe the meaning by the District Court.

B. The Property Settlement Agree-ment is a written contract which meaning should be derived on its face.

## FACTS

The husband joined the Air Force in No-vember of 1974 and married his wife on June 9, 1977. The divorce decree at issue in this

* Chief Justice effective July 1, 1996.

case was filed on February 2, 1990. The husband retired from the Air Force in October of 1994. The pertinent language in the property settlement agreement and subsequent divorce decree, incorporating the agreement, provides that the wife shall receive one-half of the husband's Air Force retirement.

In October, 1994, husband retired from the Air Force. He received the full amount of his retirement until May, 1995. Since then, U.S. Department of Defense, Defense Finance and Accounting Service, has sent each party one-half of the husband's Air Force retirement, based on the divorce decree. On April 10, 1995, the husband filed a declaratory judgment action, which he amended on May 19, 1995, asking the district court to interpret the language in the divorce decree. On December 1, 1995, the district court entered an order, ruling that the language of the decree was not ambiguous and the wife is entitled to one-half of husband's Air Force retirement. This appeal followed.

## STANDARD OF REVIEW

The husband brought a declaratory judgment action to determine the meaning of a paragraph in the parties' divorce decree pursuant to Wyo.Stat. § 1–37–103 (1988). Our review of orders and judgments entered in declaratory judgment proceedings is the same as in other civil actions. Wyo.Stat. § 1–37–109 (1988). The husband argues that the divorce decree and the property settlement agreement which it incorporated are ambiguous; that his wife drafted the agreement and the ambiguous language should be interpreted against its drafter. Finally, he asserts that if the language is not ambiguous, then the district court did not have authority to distribute his retirement income earned after the divorce.

■ Whether a written instrument is ambiguous is a question of law for the courts to decide. *Mountain View/Evergreen Imp. & Serv. Dist. v. Casper Concrete Co.*, 912 P.2d 529, 532 (Wyo.1996); *Smith v. Nugget Exploration, Inc.*, 857 P.2d 320, 323 (Wyo.

1993). When determining whether a contract is ambiguous, we apply well-established principles which were summarized in *Amoco Production Co. v. Stauffer Chemical Co. of Wyoming*, 612 P.2d 463 (Wyo.1980):

Our basic purpose in construing or interpreting a contract is to determine the intention and understanding of the parties. If the contract is in writing and the language is clear and unambiguous, the intention is to be secured from the words of the contract. And the contract as a whole should be considered, with each part being read in light of all other parts. The interpretation and construction is done by the court as a matter of law.

If the contract is ambiguous, resort may be had to extrinsic evidence. An ambiguous contract "is an agreement which is obscure in its meaning, because of indefiniteness of expression, or because a double meaning is present." Ambiguity justifying extraneous evidence is not generated by the subsequent disagreement of the parties concerning its meaning.

*Carlson v. Water Unlimited, Inc.*, 822 P.2d 1278, 1281 (Wyo.1991) (quoting *Amoco*, 612 P.2d at 465 (citations omitted)).

■ Wyo.Stat. § 20–2–114 (1994)[1] requires the trial court to make "such disposition of the property of the parties as appears just and equitable...." We review the trial court's disposition of property under an abuse of discretion standard. *Harkins v. Harkins*, 917 P.2d 176, 177 (Wyo.1996); *Grosskopf v. Grosskopf*, 677 P.2d 814, 820 (Wyo.1984).

## DISCUSSION

■ The husband argues that the language in the divorce decree which states "[t]he [wife] shall receive one half (½) of the [husband's] Air Force retirement" is ambiguous. The husband claims there are three possible ways to read the language and he intended his wife to receive one-half of the retirement he earned while the parties were married. The husband asserts:

1. Wyo.Stat. § 20–2–114 (1994) has not been changed since 1982 and is the same statute that

was in effect at the time of the divorce in 1990. Wyo.Stat. § 20–2–114 (1994).

The possible meanings of the phrase are threefold: (1) that Appellee is awarded one-half of Appellant's retirement *earned during the marriage;* (2) that Appellee is awarded one-half of Appellant's retirement *accrued as of the date of divorce;* or (3) that Appellee is awarded one-half of Appellant's retirement *earned up to the time of his retirement.*

The husband argues that he intended the first meaning, that his wife receive only one-half of the retirement he earned while they were married, when he signed the property settlement agreement. The wife argues that she intended to receive one-half of her husband's retirement. Disagreement by the parties concerning the decree's meaning does not make the language ambiguous. *Carlson,* 822 P.2d at 1281. We affirm the district court's determination that the language is not ambiguous. It is not obscure or indefinite, nor does it hold a double meaning. *Id.* The decree awarded one-half of the husband's retirement to the wife and she is receiving one-half of the husband's monthly retirement check from the appropriate federal agency. Clearly, if the husband wanted to limit payment of his retirement to that earned during the marriage, he could have, and should have, said that in the property settlement agreement which the district court incorporated in its decree. Since we hold that the decree is not ambiguous, we need not address the husband's arguments *concerning interpretation of an ambiguous contract.*

■ Finally, the husband argues that the district court did not have the authority to distribute any retirement benefits he had not yet earned at the time of the divorce. In *Broadhead v. Broadhead,* 737 P.2d 731, 737 (Wyo.1987), this Court determined that retirement benefits which would vest in the future were subject to property division in a divorce action. We also held that if possible and practicable, the trial court should allocate the retirement fund at the time of the divorce in order to sever the ties of the parties so that they may start their lives anew. *Id.* at 739. The trial court in *Broadhead* left the allocation open for later determination, depending on whether the husband terminated his employment or retired. *Id.* at 733. If the husband retired, the wife would receive non-vested future employer contributions to the husband's retirement plan. *Id.* If the husband terminated his employment, the wife received only the vested employee contributions. *Id. Broadhead* adopted an approach to property settlement resolution which "reflects this state's predominant policy interest in the clear and timely finalization and severance of the marriage ties, except where either minimal remaining maturity time might remain, or practical economics prohibit any divorce time distribution or economic division." *Broadhead,* 737 P.2d at 737 (citations omitted) (emphasis added). The court found no uncontrollable reason for requiring a future allocation of the retirement fund, noting the husband requested a present division and was willing to undertake the accounting necessary to determine the reasonable value of the expectancy interest in the unvested portion of his retirement fund. *Id.* at 739.

■ We have no such request here. In fact, based on the limited assets discernable from the record, we find that it was probably impracticable to conduct a present division of the retirement fund at the time of the divorce, or a lump sum payment from the retirement fund at the time of retirement. Further, the parties agreed to the property distribution in their property settlement agreement. Therefore, the district court did not abuse its discretion by making a fixed and certain percentage of husband's monthly retirement income payable to wife upon husband's retirement from the Air Force. *See Broadhead,* 737 P.2d at 739. "It has been stated numerous times that the trial court has great discretion in marital property settlement, and that a trial court's discretion will not be disturbed except on clear grounds where an error of law is committed by the court under the circumstances." *Id.* at 737. "Given that this court cannot constitute itself as a court of first instance to divide property in divorce cases, we rely on the learned discretion of the trial court." *Id.* at 739.

## CONCLUSION

The language in the divorce decree awarding the wife one-half of the husband's retire-

ment was not ambiguous, nor was the award contrary to our policy interest in severing the marriage ties when a division of the retirement fund at the time of the divorce is impractical and the parties agreed to the division in a property settlement agreement. We affirm.