2006 WY 138

**Lorraine M. KELLER, Appellant (Defendant),**

v.

**Ronald D. KELLER, Appellee (Plaintiff).**

**No. 06–57.**

Supreme Court of Wyoming.

Oct. 31, 2006.

Representing Appellant: William R. Shelledy, Jr., of Scott, Shelledy and Luhm, P.C., Worland, Wyoming.

Representing Appellee: John Davis, of Davis & Harrington, P.C., Worland, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Lorraine M. Keller (Wife) appeals the property distribution portion of the divorce decree granting her a divorce from Ronald D. Keller (Husband). She claims that the trial court abused its discretion when it used actuarial tables to determine the present value of Husband's state retirement and Social Security benefits. We find no abuse of discretion and affirm.

## ISSUE

[¶ 2] Wife presents one issue for review: Whether the district court abused its discretion in granting Appellee an additional $56,000.00 as the present value of the social security and state retirement benefits that Appellant may receive in addition [to] what Appellee receives if Appellee dies when he is 80 years of age and Appellant lives an additional four years and dies at the age of 84 years of age according to the actuarial tables?

Husband states the issue as follows:

Did the district court abuse its discretion when it considered an expert's valuation of pension annuities, along with other factors set out in § 20-2-114, Wyo. Stat. Ann. (Lexis 2005), when determining an equitable disposition of marital property?

## FACTS

[¶ 3] The parties were married in 1961 and had two children, both of whom are now grown. The parties farmed for the first fifteen years of their marriage. With a few minor exceptions, Wife did not work outside the home during the marriage. Due to Husband's health problems, the parties sold the farm and Husband began working as an agricultural field inspector for the State of Wyoming. He worked for the State for 25 years and retired in January of 2004. Shortly thereafter, the parties began having marital troubles and Husband filed for divorce in June of 2005.

[¶ 4] During the course of the divorce proceedings, the parties were able to reach an agreement as to the division of the majority of their assets and entered into a stipulation concerning the distribution of those

assets. In the stipulation, they agreed to divide equally a deferred compensation plan valued at $125,000, their marital home and possessions valued at $200,000, and IRAs valued at $138,000. The parties then requested that the district court rule on one issue: the division of their Social Security benefits and Husband's State retirement benefits. Article two of the parties' stipulation specified:

The parties hereby agree that they reserve for presentation and resolution by the district court issues relating to the State of Wyoming and Social Security pension plan. These include issues regarding the appropriate distribution of the Social Security entitlement monies, the values of the pension plan distribution arrangements as finally resolved, and how these values should be borne by each party in light of all the factors of the case.

[¶ 5] After receiving evidence on the matter, the district court concluded that the values of Husband's State retirement account and Social Security pension plan should be reduced to their present value. The district court then found that because Wife has a longer life expectancy, she would receive an additional $56,000 in retirement benefits. The district court offset Wife's portion of the marital property by that amount.

## STANDARD OF REVIEW

[¶ 6] As we have stated, "[t]he division of marital property is within the trial court's sound discretion, and we will not disturb that division absent an abuse of discretion." *Sweat v. Sweat*, 2003 WY 82, ¶ 6, 72 P.3d 276, 278 (Wyo.2003) (citing *Carlton v. Carlton*, 997 P.2d 1028, 1032 (Wyo.2000)). The ultimate question in determining whether an abuse of discretion occurred is whether the trial court could reasonably conclude as it did. *Id.* In evaluating the trial court's decision, we keep in mind that the equitable division of property in a divorce case is as likely as not to be unequal. *Id.* Further, the district court's division of marital property should not be disturbed except on clear grounds because the trial court is usually in a better position than the appellate court to judge the parties' respective merits and

needs and is also in a better position to assess the witnesses' credibility and weigh their testimony. *Id.*

## DISCUSSION

[¶ 7] Wife has taken the position that the district court abused its discretion in offsetting her distribution by $56,000. She claims that the parties intended an "equal" division of their property and that life expectancy is mere speculation that should not be considered by the court in dividing property. In response, Husband contends that the property division was supported by the testimony of Worland accountant, Larry Heiser, and was equitable, especially given the fact that Wife presented no evidence on the issue.

[¶ 8] The Wyoming statutes provide:

In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. . . .

Wyo. Stat. Ann. § 20–2–114 (LexisNexis 2005).

[¶ 9] In the case of *Broadhead v. Broadhead*, 737 P.2d 731, 736–737 (Wyo.1987), we recognized the majority rule that retirement benefits earned during the marriage should be considered in the equitable division of the marital property. We also held that if possible and practicable, the trial court should allocate the retirement fund at the time of the divorce in order to sever the ties of the parties so that they may start their lives anew. *Id.* at 739; *Brockway v. Brockway*, 921 P.2d 1104, 1107 (Wyo.1996).

[¶ 10] In *Broadhead*, we addressed the valuation of retirement benefits that had not yet vested with the divorcing employee. We held that

[n]o mechanical process for the valuation of the employer contribution as nonvested is possible with the indeterminate expectancy that exists. It is recognized that actuarial experts can apply some rules of

probability as appropriate evidence, but any opinion conclusion is subject to the conjectural effect of employee exercised options. We specifically determine that the trial court is entitled to receive evidence and give valuative consideration to the nonvested employer's share of the state retirement program. Obviously, age, work stability, length of service, likelihood of discharge, or voluntary pre-retirement work termination are all intangible factors to be considered in a generalized valuation of the present worth of future expectancy. No specific rule or arrangement can be made applicable for each individual case.

*Id.*, 737 P.2d at 738 (internal citation omitted).

[¶ 11] Here, because Husband had already retired, the district court did not have to consider questions such as work stability or likelihood of discharge. Rather, the sole questions were the value and equitable distribution of the State retirement and Social Security at the time of the divorce. The court received evidence as to the present value of both Husband's State retirement and the parties' Social Security. The court also received evidence regarding life expectancy of the parties and concluded that, based upon life expectancy, Wife would receive an additional $56,000 in benefits during her lifetime. The court then offset her distribution by that amount.

[¶ 12] Wife presented no evidence on the question of present value, life expectancy, or alternate methods for valuing the retirement accounts. Rather, she contends that the court abused its discretion by considering life expectancy. However, when marital property is divided, the statute requires the court to consider a number of factors and to divide property equitably, not necessarily equally. In reviewing the trial court's decision, and considering the evidence in favor of Husband as the successful party, we hold the trial court could reasonably conclude as it did that the $56,000 offset was equitable, and did not abuse its discretion.

[¶ 13] We affirm.