# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 33

### OCTOBER TERM, A.D. 2019

**March 4, 2020**

JERALD D. LOWER,

Appellant
(Petitioner),

v.

PEABODY POWDER RIVER SERVICES, LLC
and STATE OF WYOMING ex rel.,
DEPARTMENT OF WORKFORCE SERVICES,
WORKERS' COMPENSATION DIVISION,

Appellees
(Respondent).

S-19-0142

---

*Appeal from the District Court of Campbell County*
*The Honorable Thomas W. Rumpke, Judge*

*Representing Appellant:*
> Stacy M. Kirven, Kirven Law, LLC, Sheridan, Wyoming.

*Representing Appellee Peabody Powder River Services, LLC:*
> Billie LM Addleman and Macrina M. Jerabek, Hirst Applegate, LLP, Cheyenne, Wyoming.

*Representing Appellee Wyoming Department of Workforce Services, Workers' Compensation Division:*
> No appearance.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]    Jerald Lower injured himself at work when he stepped on a large bolt and rolled his foot.  He then developed an infection which ultimately led to the amputation of his leg below the knee.   Mr. Lower filed for workers' compensation benefits, claiming the workplace injury sparked the infection and caused the amputation.   The Department of Workforce Services, Workers' Compensation Division (Division) denied his claim.  Mr. Lower appealed to the Office of Administrative Hearings (OAH).   While the contested case hearing was pending, the Division withdrew its denial of benefits.  In response, the OAH issued an order entitled "Order Vacating Hearing and Awarding Benefits" (First OAH Order), vacating the hearing and directing the Division to award workers' compensation benefits.   The Division then issued a Redetermination in favor of Mr. Lower.   Mr. Lower's employer, Peabody Powder River Services, LLC (Peabody), objected to the Redetermination and a contested case hearing resulted in an OAH order denying workers' compensation benefits.  Mr. Lower appealed to district court, arguing that Peabody's failure to object to the First OAH Order barred its objection to the Division's later Redetermination.   The district court upheld the OAH decision denying benefits.  Mr. Lower appealed and we affirm.

### ISSUE

[¶2]    We rephrase and condense the issues into a single question:

> Was the First OAH "Order Vacating Hearing and Awarding Benefits" a final appealable order giving rise to collateral estoppel?

### FACTS

[¶3]    On June 17, 2016, as Mr. Lower stepped off the ladder of a work truck, he rolled his foot on a bolt.  He was able to continue to his workstation, where he shared the story of his mishap with his coworkers.  Mr. Lower later contracted an infection in his foot.  He went to the emergency room on July 2, 2016, and received treatment for necrotizing fasciitis, a flesh-eating bacteria.  Doctors could not contain the infection and on July 18, 2016, amputated his leg below his knee.

[¶4]    Mr. Lower claimed the infection was caused by his June 17, 2016 injury and filed a report of injury on July 8, 2016.  He later submitted a claim for workers' compensation benefits.  On September 6, 2016, the Division entered a Final Determination denying Mr. Lower benefits.  Mr. Lower objected, and the case was referred to the OAH.

[¶5]    While the matter was pending, Mark Dowell, M.D., performed an independent medical examination (IME) of Mr. Lower and concluded that his "aggressive foot

1

infection was related to his workplace injury." Based on the IME, the Division withdrew its Final Determination denying workers' compensation benefits. On receiving notice of the Division's withdrawal and without further proceedings, the OAH entered the First OAH Order on May 22, 2017, where it vacated the pending hearing; directed that the disputed claims be paid; dismissed the proceedings; and returned the case to the Division.[1] Peabody did not petition for judicial review of this order. (*See* W.R.A.P. 12.)

[¶6] On June 2, 2017, in accordance with its statutory requirements, the Division issued a Redetermination awarding benefits to Mr. Lower. *See* Wyo. Stat. Ann. §§ 27-14-601(a), -606. Mr. Lower and Peabody were advised of the Redetermination and of the right to object and request a hearing. On June 15, 2017, Peabody objected and requested a hearing. The case was referred, again, to the OAH where Mr. Lower argued that Peabody's objection was barred by its failure to timely appeal the First OAH Order.

[¶7] Following a contested case hearing, the OAH denied Mr. Lower's claim, concluding Peabody was not barred from challenging the Redetermination and Mr. Lower was unable to demonstrate that the infection was caused by the work injury (Final OAH Order).[2] Mr. Lower appealed to the district court, which upheld the Final OAH Order. This appeal followed.

---

[1] In its entirety, the order stated:

> THIS MATTER came before the Office of Administrative Hearings (Office) upon the Respondent's May 18, 2017 Notice of Withdrawal of Final Determination reflecting that the Respondent is withdrawing its Final Determination entered on September 6, 2016 and as more specifically set forth in the Respondent's October 3, 2016 Notice of Referral for Hearing. The Office officially closed the record on May 22, 2017 upon receipt of the above Withdrawal of Final Determination.
>
> IT IS THEREFORE ORDERED that:
> 1. The April 18, 2017 hearing is hereby vacated.
> 2. The disputed claim(s) contained in the Respondent's September 6, 2016 Final Determination shall be paid in accordance with the Respondent's fee schedules.
> 3. All proceedings before the Office in this case are dismissed.
> 4. This case is returned to the Workers' Compensation Division.
> 5. The attorney appointed to represent the Claimant in this matter is released from any further obligation to represent the Claimant and the appointment is terminated.

[2] The OAH noted that Dr. Dowell's original IME "was based on . . . his understanding that [Mr. Lower] had stepped on the bolt five or six days before requiring medical attention on July 2, 2016." Later, Dr. Dowell learned that the traumatic event occurred sixteen days before Mr. Lower's presentation to the emergency room. Based on the revised timeline, Dr. Dowell could no longer attest to the cause of the infection or whether the disease was the result of Mr. Lower's stepping on the bolt.

2

***Was the First OAH "Order Vacating Hearing and Awarding Benefits" a final appealable order giving rise to collateral estoppel?***

## STANDARD OF REVIEW

[¶8]    In considering an appeal from a district court's review of an administrative agency decision, we afford no deference to the district court decision.  Instead, we review the case as if it came to us directly from the administrative agency.  *Carson v. State ex rel., Wyoming Workers' Safety & Comp. Div.*, 2014 WY 42, ¶ 11, 322 P.3d 1261, 1264 (Wyo. 2014).

[¶9]    "Judicial review of an agency's decision is governed by Wyo. Stat. Ann. § 16-3-114(c)."  *Id.* ¶ 12, 322 P.3d at 1264.  The parties do not challenge the OAH's findings of fact.  The sole question on appeal is whether Peabody's objection to the Redetermination is barred by W.R.A.P. 12 or the doctrine of collateral estoppel.  "Whether a determination by the Division should be given preclusive effect is a question of law."  *Porter v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2017 WY 69, ¶ 15, 396 P.3d 999, 1005 (Wyo. 2017) (citing *State ex rel. Wyoming Workers' Safety & Comp. Div. v. Jackson*, 994 P.2d 320, 322 (Wyo. 1999) (reviewing preclusive effect of final determination denying benefits as a question of law)).  We review an agency's conclusions of law de novo and will affirm if the agency's determinations are in accordance with the law.  *Moss v. State ex rel. Wyoming Workers' Safety & Comp. Div.*, 2010 WY 66, ¶ 11, 232 P.3d 1, 4 (Wyo. 2010).

## DISCUSSION

[¶10] Mr. Lower claims the First OAH Order, which directed that "[t]he disputed claim(s) . . . shall be paid in accordance with the Respondent's fee schedules," was a final appealable order awarding benefits.  He argues because Peabody failed to appeal that order under W.R.A.P. 12, it was collaterally estopped from objecting to the Division's later Redetermination awarding benefits.[3]

---

[3] W.R.A.P. 12 provides:

> To the extent judicial review of administrative action by a district court is available, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or who is aggrieved or adversely affected in fact by any other agency action or inaction, or who is adversely affected in fact by a rule adopted by that agency, may obtain such review as provided in this rule.  All appeals from administrative agencies shall be governed by these rules.

W.R.A.P. 12.01.

3

[¶11] Under W.R.A.P. 1.05(a), an appealable order is "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment." This Court has consistently held that an appealable order under W.R.A.P. 1.05 has "three necessary characteristics . . . . It must affect a substantial right, determine the merits of the controversy, and resolve all outstanding issues." *Schmitz v. State Dep't of Workforce Servs. Labor Standards*, 2017 WY 143, ¶ 14, 406 P.3d 312, 315 (Wyo. 2017) (internal citations omitted); *Pub. Serv. Comm'n v. Lower Valley Power & Light, Inc.*, 608 P.2d 660, 661 (Wyo. 1980) (Generally, a judgment or order is considered final and appealable when it "determines the merits of the controversy and leaves nothing for future consideration . . . and it is not appealable unless it does those things."). The First OAH Order was not a final appealable order because it did not "determine[] the action." *Lower Valley Power & Light*, 608 P.2d at 661; W.R.A.P. 12. It was solely procedural.

[¶12] An order is not final where it fails to "resolve all outstanding issues." *Schmitz*, ¶ 19, 406 P.3d at 316. When it issued its first order, the OAH had not heard evidence or argument from the parties, and it returned the case to the Division prior to any substantive action. The Division was, then, statutorily mandated to issue a redetermination. Wyo. Stat. Ann. § 27-14-601(a). Wyo. Stat. Ann. § 27-14-606 emphasizes that "[e]ach determination or award" is an "administrative determination of the rights of the employer [and] the employee" and must provide notice and opportunity for hearing to be considered final. Wyo. Stat. Ann. § 27-14-606 (LexisNexis 2019); *see also Porter*, ¶ 23, 396 P.3d at 1007. When the First OAH Order was entered, neither the OAH nor the Division had determined compensability. The Division was required to make a Redetermination, give notice to the parties, and provide the opportunity for objection and hearing. Wyo. Stat. Ann. § 27-14-601(a); *Lower Valley Power & Light*, 608 P.2d at 661.

[¶13] If we were to hold that the OAH had the authority to award benefits in its procedural order, the result would elevate the form of the order over its substance. *Painter v. McGill ex rel. Wyoming Bd. of Med.*, 2019 WY 108, ¶ 13, 450 P.3d 1243, 1246 (Wyo. 2019) (rejecting argument that district court's written order was "final" for purposes of appeal because it included the words "final order"). "Instead of emphasizing the name given to an action below, we . . . concentrate on the effect the order has on the parties' rights." *Id.* (citation omitted). To the extent the First OAH Order purported to determine compensability, it exceeded its authority and its award of benefits was premature. After stating it was "officially clos[ing] the record . . . upon receipt of the above Withdrawal of Final Determination," the order should have been limited to vacating the hearing and returning the case to the Division. The provision purporting to award benefits was a nullity. *See In re E.R.C.K.*, 2013 WY 160, ¶ 29, 314 P.3d 1170, 1176 (Wyo. 2013) (finding an order accepting a relinquishment of parental rights and consent to adoption did not result in an appealable order and holding that the portion of the order purporting to divest parental rights was a nullity); *Wyoming State Treasurer ex rel. Workmen's Comp. Dep't v. Niezwaag*, 444 P.2d 327, 329 (Wyo. 1968) (finding a "memorandum opinion" written by trial judge containing no findings of fact or analysis

4

and purporting to award workers' compensation benefits "did nothing more than express the trial judge's conclusion of law" and was not a final appealable order). Despite its title, the First OAH Order was not a final order from which Peabody could have appealed.

[¶14]  In the absence of a final adjudication, the doctrine of collateral estoppel does not apply.  "Collateral estoppel bars relitigation of previously litigated issues and is a principle of law that generally applies to issues adjudicated before an administrative agency."  *Porter*, ¶ 16, 396 P.3d at 1005; *see also Carson*, ¶ 15, 322 P.3d at 1265 ("The doctrines of collateral estoppel and *res judicata . . .* apply in the administrative context.").

> With regard to collateral estoppel, we consider four factors in determining whether the doctrine applies:
>
> (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Carson*, ¶ 15, 322 P.3d at 1265 (emphasis omitted) (internal citation omitted).

[¶15]  The First OAH Order "simply bears no indicia of an actual adjudication and provides no basis to implicate the principle of collateral estoppel."  *Porter*, ¶ 29, 396 P.3d at 1008 (finding collateral estoppel did not attach to a determination that cited two different statutory grounds for denying workers' compensation benefits and contained no analysis of the evidence).  The First OAH Order was not a "prior adjudication" of workers' compensation benefits.  *Carson*, ¶ 15, 322 P.3d at 1265.

[¶16]  We conclude that the First OAH Order was not a final appealable order and collateral estoppel is not applicable.

[¶17]  Affirmed.

5