# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 66

### APRIL TERM, A.D. 2022

#### June 3, 2022

BLAINE M. McCALLISTER,

Appellant
(Petitioner),

v.

STATE OF WYOMING, ex rel.
DEPARTMENT OF WORKFORCE
SERVICES, WORKERS'
COMPENSATION DIVISION,

Appellee
(Respondent).

S-21-0214

*Appeal from the District Court of Albany County*
The Honorable Tori R.A. Kricken, Judge

*Representing Appellant:*
>    Jason A. Matzen, Pence and MacMillan LLC, Laramie, Wyoming.

*Representing Appellee:*
>    Bridget Hill, Wyoming Attorney General; Mark Klaassen, Deputy Attorney General; Peter F. Howard, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]     The Office of Administrative Hearings (OAH) upheld the Wyoming Workers'
Compensation Division's (Division) denial of Blaine M. McCallister's request for an
endless pool to treat his work-related injury, and the district court affirmed that decision.
Mr. McCallister claims the OAH committed various errors of law.  We affirm.

## ISSUES

[¶2]     The issues on appeal are:

   1.     Did the Division err by referring Mr. McCallister's case to the OAH
           rather than the Medical Commission?

   2.     Did the OAH err by applying collateral estoppel to bar Mr.
           McCallister from relitigating his right to an endless pool for treatment
           of his work-related injury because the issue was fully decided in a
           2017 OAH order denying his claim? [1]

## FACTS

[¶3]     We previously decided another case involving Mr. McCallister's right to worker's
compensation benefits for his 2012 cervical and thoracic spine injury. *McCallister v. State
ex rel. Dep't of Workforce Servs., Workers' Comp. Div.,* 2019 WY 47, 440 P.3d 1078
(Wyo. 2019).  Our resolution of the earlier case is relevant to our decision here, so we will
incorporate some of the facts from that decision, supplementing with the salient facts from
this case.

[¶4]     In 2016, Mr. McCallister requested the Division preauthorize the purchase of
several pieces of "non-typical" durable medical equipment (DME), including a small pool
with an underwater treadmill known as an endless pool, to help him manage his medical
condition at his home in rural Albany County.  *See id.,* ¶ 4, 440 P.3d at 1079.  The Division
denied his request for an endless pool, in part, because it was a non-compensable "personal
item."  Mr. McCallister objected and requested a hearing.  The OAH held a contested case
hearing in 2017 and upheld the Division's determination.  *McCallister,* ¶ 4, 440 P.3d at
1079.  Mr. McCallister petitioned for judicial review of the OAH decision, and the district
court affirmed.  *Id.,* ¶ 8, 440 P.3d at 1080-81.  Mr. McCallister appealed to this Court, and
we held the district court did not have jurisdiction over Mr. McCallister's case because he
filed his petition for review in the county where he was injured instead of the county where

---

[1] Mr. McCallister also claimed the OAH erred when it found the endless pool was not compensable under
Wyoming law because it was a "personal item."  Because we affirm the OAH's collateral estoppel decision,
we do not reach this additional issue.

1

the administrative action was taken or the county where he lived, as required by Wyo. Stat. Ann. § 16-3-114 (LexisNexis 2017). *Id.,* ¶¶ 1-2, 50, 440 P.3d at 1079, 1090-91. Consequently, we dismissed his appeal and vacated the district court's decision, making the OAH decision final. *Id.*

[¶5]    In 2020, Mr. McCallister submitted another request[2] to the Division for preauthorization of DME, including an endless pool.  The Division denied his request on several grounds:  the request was not filed by a healthcare provider; the pool was a non-compensable "personal item" under the relevant statutory and regulatory definitions; the pool was not reasonable or necessary to treat his work-related injury; and he was collaterally estopped from bringing his claim for an endless pool because the OAH had denied the same request in the 2017 proceeding.  Mr. McCallister objected and demanded the Division refer the matter to the Medical Commission for a contested case hearing.  The Division, however, referred the matter to the OAH.

[¶6]    The OAH found it was the proper agency to resolve Mr. McCallister's claim because the issues were primarily legal.  After a contested case hearing, the OAH disagreed with the Division's determination that Mr. McCallister's request for an endless pool was not properly submitted by a healthcare provider and found Mr. McCallister had met his burden of showing the endless pool was reasonable and necessary for treatment of his work-related injury.  However, the OAH upheld the Division's denial of his claim because he was collaterally estopped from relitigating his right to the endless pool by the 2017 decision and the endless pool was a non-compensable "personal item" under Wyoming law.  Mr. McCallister filed a proper petition for review, the district court affirmed, and he filed a timely notice of appeal to this Court.

## STANDARD OF REVIEW

[¶7]    When an appeal is taken from a district court's review of an administrative agency's decision, we examine the case as if it came directly from the agency, giving no special deference to the district court's decision. *In re Vinson,* 2020 WY 126, ¶ 25, 473 P.3d 299, 308 (Wyo. 2020); *Guerrero v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.,* 2015 WY 88, ¶ 11, 352 P.3d 262, 265 (Wyo. 2015) (citing *Dale v. S & S Builders, LLC,* 2008 WY 84, ¶ 8, 188 P.3d 554, 557 (Wyo. 2008)).  Wyo. Stat. Ann. § 16-3-114(c) (LexisNexis 2021) governs judicial review of administrative decisions:

> (c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the

---

[2] Mr. McCallister made multiple requests for an endless pool in 2020, but they were considered and resolved together.  We will, therefore, refer to a singular request.

terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

[¶8]   In accordance with § 16-3-114(c)(ii)(E), we review the agency's findings of fact by applying the substantial evidence standard. *Vinson,* ¶ 26, 473 P.3d at 308. Findings of fact are supported by substantial evidence if there is relevant evidence in the record which "a reasonable mind might accept in support of the agency's conclusion." *Dale,* ¶ 11, 188 P.3d at 558. *See also, Kenyon v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 2011 WY 14, ¶ 11, 247 P.3d 845, 849 (Wyo. 2011) ("Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (quoting *Bush v. State ex rel. Wyo. Workers' Comp. Div.,* 2005 WY 120, ¶ 5, 120 P.3d 176, 179 (Wyo. 2005)) (other citations omitted)). "'We review an agency's conclusions of law *de novo*[] and will affirm only if the agency's conclusions are in accordance with the law.'" *Middlemass v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 2011 WY 118, ¶ 13, 259 P.3d 1161, 1164 (Wyo. 2011) (quoting *Kenyon,* ¶ 13, 247 P.3d at 849) (other citations omitted).

## DISCUSSION

*The Division's Referral of the Case to the OAH*

[¶9]    Mr. McCallister claims the Medical Commission rather than the OAH had subject matter jurisdiction to address his 2017[3] and 2020 cases because they were "medically contested."   "'The existence of subject matter jurisdiction is a question of law that we review *de novo.*'"  *MH v. First Jud. Dist. Ct.,* 2020 WY 72, ¶ 4, 465 P.3d 405, 407 (Wyo. 2020) (quoting *Harmon v. Star Valley Med. Ctr.,* 2014 WY 90, ¶ 14, 331 P.3d 1174, 1178 (Wyo. 2014), and *Excel Constr., Inc. v. Town of Lovell,* 2011 WY 166, ¶ 12, 268 P.3d 238, 241 (Wyo. 2011)).  Our determination of the OAH's jurisdiction requires interpretation of Wyoming statutes and administrative rules and regulations, which are also matters of law reviewed *de novo. Tarver v. City of Sheridan Bd. of Adjustments,* 2014 WY 71, ¶ 20, 327 P.3d 76, 83 (Wyo. 2014) ("Interpretation of statutes [and] administrative regulations . . . is a matter of law, which we review *de novo.*") (citing *J & T Props., LLC v. Gallagher,* 2011 WY 112, 256 P.3d 522 (Wyo. 2011) (statutes), and *Laramie Cnty. Sheriff's Dep't v. Cook,* 2012 WY 47, 272 P.3d 966 (Wyo. 2012) (administrative regulations)).   In interpreting statutes, we search for the legislature's intent.  *Miller v. Life Care Ctrs.,* 2020 WY 155, ¶ 26, 478 P.3d 164, 171 (Wyo. 2020) (citing *Vance v. City of Laramie,* 2016 WY 106, ¶ 12, 382 P.3d 1104, 1106 (Wyo. 2016)).  "When the statutory language is 'sufficiently clear and unambiguous'" to allow us to discern that intent, "we apply 'the words according to their ordinary and obvious meaning.'" *Williams v. Sundstrom,* 2016 WY 122, ¶ 19, 385 P.3d 789, 794 (Wyo. 2016) (quoting *DB v. State (In re CRA),* 2016 WY 24, ¶ 15, 368 P.3d 294, 298 (Wyo. 2016)).   "The rules of statutory interpretation also apply to the interpretation of administrative rules and regulations."  *State ex rel. Wyo. Dep't of Rev. v. Buggy Bath Unlimited, Inc.,* 2001 WY 27, ¶ 6, 18 P.3d 1182, 1185 (Wyo. 2001) (citing *Antelope Valley Improvement v. State Bd. of Equalization,* 992 P.2d 563, 566 (Wyo. 1999), *opinion clarified at* 4 P.3d 876 (Wyo. 2000)).

[¶10]  When an employee disagrees with the Division's determination of his worker's compensation claim, he may object and request a contested case hearing.  *See* Wyo. Stat. Ann. § 27-14-601(a), (b), (k) (LexisNexis 2021).  Upon receipt of an employee's request for a hearing, the Division "shall immediately transmit a copy of the request and a notice of request for hearing to the Office of Administrative Hearings (OAH) or Workers' Compensation Medical Commission as appropriate."   *Rules & Reguls. of Dep't of Workforce Servs., Workers' Comp. Div.* (Current Division Rules), ch. 6, § 1(a) (2022). *See also,* § 27-14-601(k)(v) ("Upon receipt of a request for hearing, the division shall immediately provide notice of the request to the appropriate hearing authority as determined pursuant to W.S. 27-14-616.").

[¶11] Wyo. Stat. Ann. § 27-14-616(b)(iv) (LexisNexis 2021) limits the Medical Commission's jurisdiction to cases which are classified as "medically contested."  *French v. Amax Coal W.,* 960 P.2d 1023, 1028 (Wyo. 1998).  *See also, Jacobs v. State ex rel. Wyo.*

---

[3] The Division claims it is too late for Mr. McCallister to challenge the OAH's jurisdiction over the 2017 proceeding.  We need not separately decide that issue because the same analysis and rationale applies to the OAH's authority to rule on Mr. McCallister's claim in 2020 as in 2017.

4

*Med. Comm'n,* 2005 WY 104, ¶ 10, 118 P.3d 441, 444 (Wyo. 2005) (the "Medical Commission does not have subject matter jurisdiction in the absence of a medically contested case"). The OAH, on the other hand, has jurisdiction over all workers' compensation cases, including those with contested medical issues. *Russell v. State ex rel. Wyo. Workers' Safety and Comp. Div.,* 944 P.2d 1151, 1154 (Wyo. 1997). Wyo. Stat. Ann. § 27-14-616(e) states:

> Upon agreement of all parties to a case, the hearing examiner in a contested case under this chapter *may transfer* a medically contested case to a medical hearing panel or *may seek the advice* of the medical commission on specified medical issues in the contested case. The advice shall be in writing and shall become part of the record of the case.

The legislature's use of the "permissive 'may' authorizes the [OAH] to hear *all* contested cases which are referred [to it] by the Division." *French,* 960 P.2d at 1029 (emphasis added). Upon referral of a case by the Division, the OAH obtains subject matter jurisdiction. *French,* 960 P.2d at 1029 (citing *Russell,* 944 P.2d at 1154). The OAH, therefore, had jurisdiction over Mr. McCallister's case.

[¶12] Although the OAH had jurisdiction over Mr. McCallister's case, the question remains whether the Division's referral of the case to the OAH rather than the Medical Commission was correct under the relevant statutes. Section 27-14-616(b)(iv) states: "The division *shall refer medically contested cases to the commission* for hearing by a medical hearing panel[.] . . ." (Emphasis added). "Because of the mandatory 'shall,' the Division does not have an option; it must determine if a case is medically contested and, if it is, that case must be referred to the Medical Commission." *Bando v. Clure Brothers Furniture,* 980 P.2d 323, 327-28 (Wyo. 1999) (citing *Russell,* 944 P.2d at 1155). We, therefore, consider whether Mr. McCallister's case was "medically contested." *Id. See also, French,* 960 P.2d at 1028-29.

[¶13] The legislature did not provide a statutory definition for the term "medically contested." *French,* 960 P.2d at 1028. However, the Division defined the term in its administrative rules and regulations. *Id.*

> (i) For purposes of referring contested cases to the Workers' Compensation Medical Commission for hearing, W.S. § 27-14-616(b)(iv), the phrase "medically contested cases" shall include those cases in which the *primary issue* is:
>     (A) a claimant's percentage of physical impairment;
>     (B) whether a claimant is permanently totally disabled;

5

(C) whether a claimant who has been receiving [Temporary Total Disability] benefits remains eligible for those benefits under W.S. § 27-14-404(c); or,

(D) any other issue, the resolution of which is *primarily* dependent upon the evaluation of conflicting evidence as to medical diagnosis, medical prognosis, or the reasonableness and appropriateness of medical care.

Current Division Rules, ch. 6, § 1(a)(i)(A)-(D) (emphasis added).  Mr. McCallister maintains his case was "medically contested" under § 1(a)(i)(D) because one of the issues was whether the endless pool was reasonable and necessary treatment for his work-related injury.

[¶14]   Under the workers' compensation statutory scheme, an injured employee is entitled to workers' compensation benefits for "'reasonable and necessary' medical and hospital care for [his] work-related injury[.]" *Harborth v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.,* 2018 WY 99, ¶ 17, 424 P.3d 1261, 1266 (Wyo. 2018).  *See also,* Wyo. Stat. Ann. § 27-14-401(a) (LexisNexis 2021) ("[t]he expense of medical and hospital care of an injured employee shall be paid from the date of the compensable injury . . ."); Wyo. Stat. Ann. § 27-14-102(a)(xii) (LexisNexis 2021) (the medical and hospital care must be "reasonable and necessary").  Current Division Rules, ch. 6, § 1(a)(i)(D) states any issue, "the resolution of which is primarily dependent upon the evaluation of conflicting evidence as to . . . the reasonableness and appropriateness of medical care" falls under the definition of a "medically contested" issue.  However, the rule does not state that if a case presents *any* medically contested issue, the Medical Commission has jurisdiction.  Instead, the *primary issue* of the case must be medically contested for the commission to have jurisdiction.  Current Division Rules, § 1(a)(i).  *See also, Alvarez v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 2007 WY 126, ¶ 12, 164 P.3d 548, 551 (Wyo. 2007) ("the case was properly decided by the Medical Commission because it was a medically contested case in which the primary issue required the application of medical judgment to complex medical facts") (citing *McIntosh v. State ex rel. Wyo. Med. Comm'n,* 2007 WY 108, 162 P.3d 483 (2007)).  The plain meaning of "primary" is "of first rank, importance or value: principal." *Primary,* www.merriam-webster.com/dictionary/primary (Accessed May 16, 2022).

[¶15]   The reasonableness and necessity of the endless pool to treat Mr. McCallister's injury was not dispositive in either the 2017 or the 2020 contested case.  In fact, both OAH decisions found *in favor* of Mr. McCallister on that issue but still upheld the Division's denial of the endless pool.  The OAH based its decisions upon the undisputed facts showing the endless pool was statutorily excluded from the definition of compensable medical care because it was a "personal item" that heated and circulated water.  Determination of whether, based upon undisputed facts, a statutory exclusion to coverage applies is a legal issue rather than a medically contested issue.  *See, e.g., Sellers v. State ex rel. Wyo.*

*Workers' Safety & Comp. Div.,* 979 P.2d 959, 961-62 (Wyo. 1999), and *State ex rel. Wyo. Workers' Safety & Comp. Div. v. Sparks,* 973 P.2d 507, 508-11 (Wyo. 1999) (deciding, as a matter of law, whether the statutory exclusion from workers' compensation coverage for injuries sustained during "normal activities of day-to-day living" applied (citing *Cabral v. Caspar Bldg. Sys., Inc.,* 920 P.2d 268 (Wyo. 1996))). The 2020 contested case added an additional dispositive legal issue – whether collateral estoppel precluded relitigation of Mr. McCallister's entitlement to an endless pool. *Mattheis Co. v. Mulligan,* 2021 WY 14, ¶ 10, 479 P.3d 1213, 1217 (Wyo. 2021) ("Application of collateral estoppel is . . . a matter of law[.]" (citing *In re Robert & Irene Redland Family Tr.*, 2019 WY 17, ¶ 15, 435 P.3d 349, 356 (Wyo. 2019))); *Lower v. Peabody Powder River Servs., LLC,* 2020 WY 33, 459 P.3d 443 (Wyo. 2020) ("'Whether a determination by the Division should be given preclusive effect is a question of law.'" (quoting *Porter v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2017 WY 69, ¶ 15, 396 P.3d 999, 1005 (Wyo. 2017)). The legal issues were the highest-ranking or principal issues in Mr. McCallister's case. Because the medically contested issue was not primary, the Medical Commission did not have jurisdiction. The Division properly referred the case to the OAH.

### Collateral Estoppel

[¶16]   The OAH ruled collateral estoppel barred Mr. McCallister from relitigating his right to an endless pool because that issue was finally decided in the 2017 case. The determination of whether collateral estoppel applies is a question of law reviewed de novo. *Mattheis Co.,* ¶ 10, 479 P.3d at 1217; *Porter,* ¶ 15, 396 P.3d at 1005.

[¶17]   "'Collateral estoppel bars relitigation of previously litigated issues and is a principle of law that generally applies to issues adjudicated before an administrative agency.'" *Lower,* ¶ 14, 459 P.3d at 447 (quoting *Porter,* ¶ 16, 396 P.3d at 1005). *See also, Carson v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2014 WY 42, ¶ 15, 322 P.3d 1261, 1265 (Wyo. 2014) (collateral estoppel applies to administrative decisions); *Jacobs v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2009 WY 118, ¶ 12, 216 P.3d 1128, 1132 (Wyo. 2009) (collateral estoppel bars relitigation of issues previously decided by an agency (citing *Slavens v. Bd. of Cnty. Comm'rs for Uinta Cnty.*, 854 P.2d 683, 685-86 (Wyo. 1993))). In general, "[t]he collateral estoppel doctrine prohibits relitigation of issues which were actually and necessarily involved in a prior action between the same parties." *Wilkinson v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 991 P.2d 1228, 1233 (Wyo. 1999) (citing *Univ. of Wyo. v. Gressley,* 978 P.2d 1146, 1153 (Wyo. 1999), and *Kahrs v. Bd. of Trs. for Platte Cnty. Sch. Dist. No. 1,* 901 P.2d 404, 406 (Wyo. 1995)). We consider four factors in determining whether collateral estoppel applies:

> "(1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel

is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding."

*Lower,* ¶ 14, 459 P.3d at 447 (quoting *Carson,* ¶ 15, 322 P.3d at 1265 (emphasis and internal citation omitted)). *See also, Wilkinson,* 991 P.2d at 1234.

[¶18]  After finding all four collateral estoppel factors were satisfied, the OAH concluded Mr. McCallister was barred from relitigating his claim for an endless pool.  Mr. McCallister agrees with the OAH's determinations that the second and third factors of collateral estoppel were satisfied because the 2017 proceeding resulted in a judgment on the merits and he was a party in that proceeding.  He asserts, however, the OAH's decisions on the first and fourth factors of collateral estoppel were erroneous.

[¶19]  Mr. McCallister contends the first factor was not satisfied because the issues in the two proceedings were not identical.  He claims the endless pool he requested in 2020 had some different features than the one he requested in 2017 and his medical condition had worsened in the ensuing years.  The OAH ruled the differences between the two pools and his physical condition were inconsequential because the underlying legal basis for the Division's denial of the pool in both contested case proceedings, i.e., that it was a non-compensable "personal item" under the applicable statutes and regulations, was the same.

[¶20]  Mr. McCallister was injured in 2012.  Section 27-14-401(a) (2012)[4] authorized payment of an injured employee's "medical and hospital care."  Section 27-14-102(a)(xii) (2012) defined "medical and hospital care," as including "any reasonable and necessary" "medical . . . service" but excluded "personal items" "except as provided under rule and regulation of the division[.]"  (Emphasis added).  Non-compensable "personal items" were defined by the Division rules as including "[h]ot tubs, spas or other devices wherein water is heated and/or circulated."  *Dep't of Workforce Servs., Workers' Comp. Div. Rules, Regulations and Fee Schedules*, ch. 1, § 4(ai)(iii) (2012) (2012 Division Rules).  The OAH determined in both the 2017 and 2020 contested case proceedings that Mr. McCallister was not entitled to payment for the endless pool because it was a "personal item" that heated and circulated water.

[¶21]  Mr. McCallister contrasts his case with *Slavens v. Bd. of Cnty. Comm'rs for Uinta County,* 854 P.2d 683 (Wyo. 1993).  He claims *Slavens* demonstrates a correct application of the first collateral estoppel factor because the issues were precisely the same, unlike the

---

[4] Under Wyo. Stat. Ann. § 27-14-602(b) (LexisNexis 2021), a worker's compensation case "shall be determined by a hearing examiner in accordance with the law in effect at the time of the injury[.]"  Additionally, to the extent the Division's rules "affect a worker's substantive right to benefits, the rules in effect at the time of the injury apply."  Current Division Rules, ch. 1, § 2.

issues presented in his 2017 and 2020 cases. Mr. Slavens and another person were terminated from their employment with Uinta County for misappropriating funds collected from travelers who temporarily boarded their livestock at the county fairgrounds. *Slavens,* 854 P.2d at 684. A hearing examiner held a contested administrative hearing to consider whether the disciplinary action was appropriate and generally found in favor of the county. *Id.* at 684-85. The employees appealed, and the district court affirmed. *Id.* at 685. Instead of appealing the administrative decision to this Court, they filed a civil action in state district court contesting their termination. *Id.* The district court granted summary judgment to the county, finding "that since [the employees] had a full opportunity to present their case before the impartial hearing examiner and that decision became final with affirmance after appeal to the district court and no further appeal, the doctrines of res judicata and collateral estoppel applied and required summary judgment in favor of the [county]" in the civil case. *Id.* We affirmed the district court's determination that the employees were collaterally estopped from bringing the civil action. *Id.* at 687. Regarding the first collateral estoppel factor, we held the "issue decided in the administrative adjudication was identical with the issue" the employees raised in the civil suit – "whether the [county] wrongfully took disciplinary action against [the employees]." *Id.* at 686.

[¶22] Contrary to Mr. McCallister's assertion, the *Slavens* rationale applies equally in this case. The salient issue – whether the endless pool was a non-compensable "personal item" because it heated and/or circulated water – was identical in Mr. McCallister's 2017 and the 2020 agency proceedings. The OAH correctly determined the first collateral estoppel factor was satisfied.

[¶23] Addressing the fourth factor, Mr. McCallister claims he did not have a full and fair opportunity in 2017 to litigate the issue of whether the endless pool was a "personal item." Specifically, he contends he was deprived of judicial review of that decision when his appeal was dismissed because his attorney mistakenly filed the petition for judicial review of the OAH decision in the wrong county. *See McCallister,* ¶¶ 1-2, 440 P.3d at 1079.

[¶24] The legislature authorized the OAH to make final decisions on workers' compensation claims. *Porter,* ¶¶ 18-20, 396 P.3d at 1005-06 (citing *Tenorio v. State ex rel. Wyo. Workers' Comp. Div.,* 931 P.2d 234, 240 (Wyo. 1997), and *State ex rel. Workers' Safety & Comp. Div. v. Jackson,* 994 P.2d 320, 323 (Wyo. 1999)). A contested case before the OAH provides a full and fair opportunity to litigate an issue and carries preclusive weight. *Porter,* ¶¶ 18-21, 396 P.3d at 1005-06. A claimant has the right to have the hearing examiner's decision reviewed by the district court and this Court. *See* Wyo. Stat. Ann. § 27-14-612 (LexisNexis 2021) (referencing district court review of OAH workers' compensation decisions); Wyoming Rules of Appellate Procedure (W.R.A.P.) 12.01, 12.11 (rules for obtaining district and supreme court review of administrative action). However, a claimant is not deprived of a full and fair opportunity to litigate an issue simply because he does not properly avail himself of the right to judicial review. *See Wilkinson,* 991 P.2d at 1234 ("[The claimant] was afforded a full and fair opportunity to litigate the issue before

the hearing examiner. Although he failed to take advantage of his right to have the hearing examiner's decision reviewed by the . . . district court, [the claimant] had the opportunity for full judicial consideration of the issue."). Furthermore, the fact that a party's appeal was dismissed on technical grounds does not mean he was deprived of the right to fully and fairly litigate an issue. In *Corrigan v. Vig,* 2020 WY 148, ¶¶ 2, 5, 477 P.3d 87, 88-89 (Wyo. 2020), we ruled a district court's judgment was entitled to preclusive effect despite a lack of appellate review. Corrigan's appeal had been dismissed because his notice of appeal was insufficient to invoke our jurisdiction. *Id.* In *Plymale v. Donnelly,* 2007 WY 77, ¶¶ 15-17, 157 P.3d at 933, 937-38 (Wyo. 2007), we indicated a mother was given a full and fair opportunity to litigate the father's request for child support abatement even though her appeal of the district court's denial of her motion for reconsideration was dismissed by this Court for lack of jurisdiction (discussing *Plymale v. Donnelly,* 2006 WY 3, ¶¶ 2, 11, 125 P.3d 1022, 1023, 1025 (Wyo. 2006), *overruled on other grounds by Essex Holding, LLC v. Basic Props., Inc.,* 2018 WY 111, ¶ 40, 427 P.3d 708, 721 (Wyo. 2018)). While Mr. McCallister obviously intended to avail himself of his right to judicial review of the 2017 OAH decision, the fact he was unsuccessful because his attorney filed his petition in the wrong county does not alter the preclusive effect of the agency decision.

[¶25] The OAH properly determined the elements of collateral estoppel were met and barred Mr. McCallister from relitigating his entitlement to an endless pool to treat his work-related injury because that issue was fully decided by the OAH in 2017.

## CONCLUSION

[¶26] The OAH had authority to decide this case because the primary issue was not medically contested. It properly determined Mr. McCallister was collaterally estopped from relitigating his right to an endless pool for treatment of his work-related injury because the issue was fully decided in a 2017 OAH order denying his claim.

[¶27] Affirmed.